Shauck, J.
As to the validity of notes of this character, it is settled, so far as this court is concerned, that they are not void in the hands of holders in good faith. Stewart v. Simpson, 2 C. C. R. 415. Upon the other hand, as between the parties, no. *231 recovery can be had upon such notes, because they are fraudulent and executed for an illegal purpose. Shirey v. Ulsh, 2 C. C. R. 401 and Cowell v. Harris, do. 404.
The petition contained no averment showing in the plaintiff any of the elements of such title to this note as would relieve it from the defenses which might have been made against the payee, except that it was negotiated before due. To that petition it may have been a sufficient answer to allege facts showing that the note was invalid.between the original parties. Whether it was or not we need not determine. The defendant did not choose to stand upon this: answer and permit judgment to be rendered against him upon the demurrer. But he so amended his answer that upon' the trial he had the benefit of all the averments of the original defense. If there was error in the ruling complained of, it did not prejudice the plaintiff in error in the judgment .that was finally rendered in the case. Davis & Co. v. Gray, 17 Ohio St. 331.
Although the trial judge may, when passing upon the demurrer, have had an erroneous view as to the facts which it was incumbent upon thé plaintiff‘to' averaind prove to entitle him to recover as a bóna fide holder • o'fi the paper sued on, it would be our duty to presume, if such presumption were necessary, that he correctly instructed the jury on that point. The record before us, however, shows affirmatively that the jury were properly instructed upon this point.
There was no prejudicial error in sustaining the demurrer.
Nor is it ground for a reversal of the judgment that the trial judge erred, if he' did err, in sptting aside the first verdict upon the motion of the plaintiff. Pendleton Street R. R. Co. v. Stallman, 22 Ohio St. 1.
Did the court err in charging the jury that the plaintiff was entitled to recover the face of the note with interest if he satisfied them of all the facts required to give him the rights of a bona fide holder ? Or should the recovery have been restricted to the amount which he paid for the note ?
Many of the authorities cited by counsel for thé plaintiff in error in support of the proposition that the recovery ought to be restricted to the amount paid by'the innocent purchaser, *232 do not apply to a case of this character. Some of them relate to accommodation paper, others to suits by pledgees of paper obtained by fraud of the. pledgor, in which the recovery has usually been restricted to simple indemnity.
While there are a few cases which apply the same rule to absolute purchasers of negotiable paper, they do not constitute the weight of authority, nor do they seem to us to be founded upon the better reasons. The case of. Cromwell v. County of Sac, 97 U. S. 51, is high authority for a contrary conclusion. It is there held that. “ the purchaser of a negotiable security before maturity, in cases where he is not personally chargeable with fraud, is entitled to recover its full amount .against its maker, though he may have paid less than its par •value, whatever may have been its original infirmity.
We are aware of numerous decisions in conflict with this view of the law ; but we think the sounder rule, and one in consonance with the common understanding and usage of commerce, is that the purchaser, at whatever price, takes .the benefit of the entire obligation of the maker. * * It would introduce inconceivable confusion if bona fide purchasers in the market were restricted in their claims upon such securities to the sums they had paid for them. This rule in no respect infringes upon the doctrine that one who makes only a loan upon such paper, or takes it as collateral security for a precedent debt, may be limited in his recovery to the amount advanced or secured.”
This case is cited approvingly by the supreme court of Ohio in Tod v. Wick Brothers & Co., 36 Ohio St. 370, where the following doctrine is declared : “ Where in an action by an indorsee of a negotiable promissory note, which, in the hands of the payee, was void for want of consideration, the defense is interposed that the plaintiff is not an innocent holder for value, the amount paid by the plaintiff for the note is only important as it affects the good faith of the purchase.”
It would be quite at variance with this doctrine to hold that the amount" paid by the plaintiff is important for the purpose of fixing the amount which he may recover.
Section 3172 of the Revised Statutes provides that such a holder of a note as plaintiff appears to be “ may institute and *233 maintain an action thereon, for the recovery of the money due on the same.” I am unable to see how effect can be given to this provision of the statute if plaintiff is restricted to the amount which he paid for the note, instead of permitting him to recover thereon.
J. Warren Keifer, for plaintiff in error.

George Arthur, contra.

The court properly instructed the jury that it was not sufficient to defeat the plaintiff that he took the note under circumstances which ought to excite suspicion in the mind of a prudent man, and that to have that effect it must be shown that he took the note under circumstances showing that he acted in bad faith.
The rule of Gill v. Cubit, 3 Barn. & Cress, 466, decided in 1824, is distinctly repudiated in Johnson v. Way, 27 Ohio St. 374, which is clear authority for the charge given in this case upon this point.
Upon the whole case we think the judgment is not affected by any error prejudicial to the plaintiff in error. It will be affirmed with costs.